UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

D-1 BELINDA JOHNSON,

    Defendant.

_____/

No. 17-cr-20176

HON. LAURIE J. MICHELSON

**OFFENSE:** 26 U.S.C. § 7206(1) & (2) – SUBSCRIBING FALSE TAX RETURN; AID & ASSIST IN PREPARATION OF FALSE TAX RETURNS

**MAXIMUM PENALTY:** Three Years

**MAXIMUM FINE:** **$250,000 or Twice the Pecuniary Gain**

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Belinda Johnson and the government agree as follows:

1. **GUILTY PLEA**

   A. **Count of Conviction**

   Defendant will enter a plea of guilty to **Count One**, which charges defendant Belinda Johnson with aiding and assisting the preparation of false tax returns in violation of 26 U.S.C. §7206(2) and for which the penalty is up to three years imprisonment and/or a fine up to $250,000 or twice the pecuniary gain whichever is

greater as to each count.

### B. Elements of Offense

The elements of Count One, aiding and assisting in the preparation of false tax returns, are:

1. Defendant aided or assisted in, procured, counseled, or advised the preparation or presentation of a document in connection with a matter arising under the internal revenue laws;

2. The document was false as to a material matter; and

3. Defendant acted willfully.

### C. Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant's guilty plea: **Defendant is the sole owner of B.P.M. Group, LLC, a tax return preparation business located in Westland, Michigan. During 2014 and 2015, defendant prepared 33 tax returns for 17 filers for the years 2013 and 2014 that were false in that they (1) contained fabricated or inflated phony business expenses on IRS Form Schedule C in order to decrease her clients' income; (2) fabricated or inflated deductions for charitable contributions; and/or (3) claimed false education expenses that entitled**

her clients to claim the American Opportunity Credit. These false returns claimed refunds in the total amount of **$139,286**.

2. **SENTENCING GUIDELINES**

   A. **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B. **Agreed Guideline Range**

   There are no sentencing guideline disputes. Except as provided below, the parties recommend that the defendant's guideline range is **18-24** months, as set forth on the attached worksheets. If the Court finds that:

   a) defendant's criminal history category is higher than reflected on the attached worksheets, or

   b) the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from her probation officer; otherwise demonstrated a lack of acceptance of responsibility for her offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **18-24**, the higher guideline range becomes the range recommended by defendant and government.

The Court is not bound by this recommendation concerning the guideline range, and the defendant understands that she will have no right to withdraw her guilty plea if the Court does not follow this recommendation. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheet, except as necessary to the Court's determination regarding subsections a) and b), above.

### C. Relevant Conduct:

The relevant conduct in this case includes a tax loss of approximately $75,283 resulting from defendant's subscribing and filing a tax return for 2014 reporting that her company only had gross income of $14,550 when, in fact, as defendant well knew, her company had $255,441 in gross income.

## 3. SENTENCE

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the mid-point of the sentencing guideline range as determined by Paragraph 2B. Upon the U.S. Probation Department's corroboration of defendant's family circumstances regarding her daughter's illness, frequent hospitalizations, and defendant being the sole provider available for her daughter's minor children during such hospitalizations, the government will not object to the imposition of a probationary sentence.

B. **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **1 year**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C. **Special Assessment**

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D. Fine

There is no agreement as to any fine to be imposed.

### E. Restitution

Defendant agrees to pay restitution to the Internal Revenue Service in an amount of up to $214,569 which amount may be reduced by any monies recovered by the IRS from any of the individual filers who received fraudulent refunds.

### F. Execution of Form 870

Defendant agrees to execute an IRS Form 870 for unreported income defendant herself had in the years 2014 prior to sentencing.

## 4. Use of Withdrawn Guilty Plea

If the Court allows defendant to withdraw her guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives her rights under Fed. R. Evid. 410, and the government may use her guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against her in any proceeding.

## 5. OTHER CHARGES

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached

worksheets.

### 6. EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2(B).

Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 2(B). This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 2(B).

### 7. WAIVER OF APPEAL

Defendant waives any right she may have to appeal her conviction. If the sentence imposed does not exceed the maximum recommendation allowed by Part 3 of this agreement, defendant also waives any right she may have to appeal her sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range. Nothing in this waiver shall be construed to bar a claim of ineffective assistance of counsel, provided that the

defendant properly raises such claim by collateral review under 28 U.S.C. § 2255.

## 8. CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION

If charges are filed against defendant within six months after the date an order vacating defendant's conviction or allowing her to withdraw her guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives her right to challenge the charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 9. Voluntary Injunction

Defendant agrees, as part of this plea agreement, to be permanently enjoined under IRC 7402, 7407, and 7408, from preparing or filing, or aiding or assisting in preparing or filing, federal tax returns for anyone other than herself.

## 10. PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

11. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

12. **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M.** on **March 31, 2017**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

                        DANIEL L. LEMISCH
                        United States Attorney

                        *[signature]*
                        ROSS I. MACKENZIE
                        ASSISTANT U.S. ATTORNEY
                        CRIMINAL TAX CASE COORDINATOR

DATE: MARCH 27, 2017

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT SHE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. SHE ALSO ACKNOWLEDGES THAT SHE IS SATISFIED WITH HER ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT SHE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HER LAWYER, AND HAS HAD ALL OF HER QUESTIONS ANSWERED BY HER LAWYER.

*[signature]*                                        *[signature]*

DOUGLAS R. MULLKOFF              BELINDA JOHNSON
ATTORNEY FOR DEFENDANT          DEFENDANT

DATE: 4-6-17

# UNITED STATES SENTENCING GUIDELINES ("USSG") WORKSHEET

| USSG Section | USSG Points |
|---|---|
| **USSG Chapter Two:** Base Offense Level/Loss $214,569; defendant in business of preparing returns [USSG 2T1.4(a)(1), 2T4.1(F); USSG 2T1.4(b)(1)(B)] | 16 + 2 = 18 |
| Acceptance of responsibility [USSG 3E1.1(a) & (b)] | -3 |
| **Total Offense Level** | 15 |
| **Criminal History Category** | I (Three convictions more than 15 yrs.) |
| **Guideline Sentencing Range** | 18-24 months |